# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID BITON<br>1965 E. 6th Street<br>Cleveland, Ohio 44114<br><br>    Plaintiff,<br><br>    v.<br><br>THE CLEVELAND CLINIC FOUNDATION<br>3050 Science Park Drive, AC 321<br>Beachwood, Ohio 44122<br><br> **Serve Also:**<br> THE CLEVELAND CLINIC<br> FOUNDATION<br> c/o CT CORPORATION SYSTEM<br> Statutory Agent<br> 4400 Easton Commons Way<br> Suite 125<br> Columbus, Ohio 43219<br><br>    Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff David Biton, by and through his undersigned counsel, as his Complaint against Defendant The Cleveland Clinic Foundation, hereby states and avers the following:

## PARTIES

1. Plaintiff David Biton is a natural person and resident of the City of Cleveland, Cuyahoga County, Ohio.

2. Defendant The Cleveland Clinic Foundation ("Cleveland Clinic") is a domestic, non-profit corporation organized under the laws of the State of Ohio, with a principal place of business located at 3050 Science Park Drive, AC 321, Beachwood, Ohio 44122.

## JURISDICTION & VENUE

3. All the material events alleged in this Complaint occurred in or around Cuyahoga County, Ohio.

4. Personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff is alleging federal law claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as Plaintiff's state law claims are so closely related to Plaintiff's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this judicial district.

8. Within 300 days of the adverse employment actions described herein, Biton filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-02717 ("EEOC Charge"), against Cleveland Clinic.

9. On or about September 22, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Biton regarding the EEOC Charge.

10. Biton received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

11. Biton has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

12. Biton has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## FACTS

13. Biton is a former employee of Cleveland Clinic.

14. Biton was hired by Cleveland Clinic as a Research Fellow on or about September 23, 2020.

15. At all times relevant herein, Biton was qualified for his position(s) at Cleveland Clinic.

16. At all times relevant herein, Cleveland Clinic employed Elad Anter as Associate Section Head.

17. At all times relevant herein, Anter was Biton's supervisor and/or manager, authorized to take tangible employment actions against Biton.

18. During Biton's employment, Anter remarked to Biton that he needed to "discipline" his wife because she contacted Biton frequently while at work.

19. Anter also remarked that Biton should divorce his wife and marry a blonde, American female, like Anter had done.

20. Biton and Anter are both from Israel.

21. Biton told Anter that he did not like Anter making comments about Biton's wife.

22. Biton opposed Anter making comments about Biton's wife.

23. Biton was offended by Anter's comments about Biton's wife.

24. Biton was embarrassed by Anter's comments about Biton's wife.

25. Biton was humiliated by Anter's comments about Biton's wife.

26. Anter's comments about Biton's wife constituted sexual harassment.

27. On several occasions, Biton approached Anter for assistance with the research he was conducting in connection with his employment with Cleveland Clinic.

28. When Biton approached Anter for assistance, Anter responded by propositioning Biton to perform a sex act.

29. Specifically, Anter told Biton that he would assist him with his research if Biton gave Anter a "hand job".

30. Biton refused to engage in any sex act with Anter.

31. Biton opposed Anter's request for a "hand job" in exchange for assisting Biton with his research.

32. Biton was offended by Anter's request for a "hand job" in exchange for assisting Biton with his research.

33. Biton was embarrassed by Anter's request for a "hand job" in exchange for assisting Biton with his research.

34. Biton was humiliated by Anter's request for a "hand job" in exchange for assisting Biton with his research.

35. Anter's request for a "hand job" in exchange for assisting Biton with his research constituted sexual harassment.

36. On another occasion, Anter discussed with Biton a rectal exam Anter underwent.

37. Anter described his physician as a "hot" woman who "used two fingers instead of one" for the exam.

38. Anter then encouraged Biton to undergo a rectal exam by a physician who "used two fingers".

39. Biton told Anter that he did not like Anter discussing his rectal exam with Biton.

40. Biton was offended by Anter's comments regarding his rectal exam.

41. Biton was embarrassed by Anter's comments regarding his rectal exam.

42. Biton was humiliated by Anter's comments regarding his rectal exam.

43. Anter's comments regarding his rectal exam constituted sexual harassment.

44. During his employment with Cleveland Clinic, Biton discovered that a coworker and fellow researcher, Hagai Yavin, was falsifying research data.

45. Specifically, Yavin was embellishing and/or manipulating research data to obtain the results he desired.

46. Yavin also submitted a research paper for publications that contained the embellished and/or manipulated research data.

47. Biton reported Yavin's conduct to Anter, which he believed to be illegal.

48. Under the Federal Code of Regulations, 42 C.F.R. § 93.300(a), an institution providing public health services must "[h]ave written policies and procedures for addressing allegations of research misconduct that meet the requirements of this part[.]"

49. Under 42 C.F.R. § 93.300(b), an institution providing public health services must "[r]espond to each allegation of research misconduct for which the institution is responsible under this part in a thorough, competent, objective and fair manner, including precautions to ensure that individuals responsible for carrying out any part of the research misconduct proceeding do not have unresolved personal, professional or financial conflicts of interest with the complainant, respondent or witnesses[.]"

50. Anter and Cleveland Clinic did not investigate Biton's complaint regarding falsification of research data.

51. Anter and Cleveland Clinic did not discipline Yavin for falsifying research data.

52. Instead, after Biton complained regarding Yavin's falsification of research data, Anter accused Biton of falsifying research data and/or research misconduct.

53. Anter accused Biton of falsifying research data and/or research misconduct in retaliation for reporting Yavin's improper conduct.

54. On or about March 19, 2021, Biton was placed on administrative leave by Cleveland Clinic.

55. While on administrative leave, Biton was informed that his employment contract with Cleveland Clini would not be renewed.

56. Biton was terminated by Cleveland Clinic on or about September 22, 2021.

57. As a direct and proximate result of the foregoing acts and/or omissions, Biton has suffered and will continue to suffer damages.

## COUNT I: HOSTILE WORK ENVIRONMENT BASED ON SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 2000e *et seq.*

58. Biton restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

59. The unwelcomed sexual harassment against Biton was sufficiently severe or pervasive to affect the terms, conditions, or privileges of Biton' employment.

60. The sexual harassment against Biton was committed by his direct supervisor, Anter.

61. Anter engaged in quid pro quo sexual harassment of Biton.

62. Cleveland Clinic, by and through Anter, knew or should have known of the harassment and failed to take immediate and appropriate corrective action.

63. Anter's sexual harassment of Biton created a hostile and/or abusive work environment for an objectively reasonable person similarly situated to Biton.

64. As a result of Anter's sexual harassment of Biton, in violation of 42 U.S.C. § 2000e-2, Biton has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Biton to injunctive, equitable, and compensatory monetary relief.

65. As a result of Anter's sexual harassment of Biton, in violation of 42 U.S.C. § 2000e-2., Biton has suffered economic and emotional distress damages.

## COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

58. Biton restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

59. A clear public policy exists and is manifested in 42 C.F.R. § 93.300(a), which states that an institution providing public health services must "[h]ave written policies and procedures for addressing allegations of research misconduct that meet the requirements of this part[.]"

60. A clear public policy exists and is manifested in 42 C.F.R. § 93.300(b), which states that an institution providing public health services must "[r]espond to each allegation of research misconduct for which the institution is responsible under this part in a thorough, competent, objective and fair manner, including precautions to ensure that individuals responsible for carrying out any part of the research misconduct proceeding do not have unresolved personal, professional or financial conflicts of interest with the complainant, respondent or witnesses[.]"

61. A clear public policy exists and is manifested in Ohio and/or federal statutes, and/or administrative regulations, or in the common law, against terminating an employee based on his complaints of dangerous, unsafe, or illegal activity.

62. A clear public policy exists and is manifested in Ohio and/or federal statutes and/or administrative regulations, or in the common law, against terminating and/or retaliating against an employee because he engages in protected activity under Ohio and/or federal law.

63. In the scope of his employment with Cleveland Clinic, Biton reported Yavin's falsification of research data, in violation of the Federal Code of Regulations.

64. Cleveland Clinic failed to take action in response to Biton's complaint and, instead, placed Biton on administrative leave, ultimately terminating his employment.

65. Defendant's termination of Biton jeopardizes these public policies.

66. Defendant's termination of Biton was motivated by conduct related to these public policies.

67. Defendant had no overriding business justification for terminating Biton.

68. Alternatively, Defendant's cited reason for Biton's termination was pretextual.

69. As a direct and proximate result of Defendant's conduct, Biton has suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff David Biton demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Biton to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) A monetary award against Defendant to compensate Biton for compensatory damages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Biton's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Kevin A. Buryanek*
Kevin A. Buryanek (0099300)
Daniel S. Dubow (0095530)
**SPITZ, THE EMPLOYEE'S FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
kevin.buryanek@spitzlawfirm.com
daniel.dubow@spitzlawfirm.com

*Attorneys for Plaintiff David Biton*

## **JURY DEMAND**

Plaintiff David Biton demands a trial by jury by the maximum number of jurors permitted.

/s/ *Kevin A. Buryanek*
Kevin A. Buryanek (0099300)
Daniel S. Dubow (0095530)
**SPITZ, THE EMPLOYEE'S FIRM**